# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF OHIO
# WESTERN DIVISION AT DAYTON

UNITED STATES OF AMERICA,

        Plaintiff,   :   Case No. 3:13-cr-014
                                   Also 3:16-cv-216

                                   District Judge Walter Herbert Rice
- vs -                              Magistrate Judge Michael R. Merz

SHANNON D. GOODMAN,

        Defendant.   :

## REPORT AND RECOMMENDATIONS

This case is before the Court for initial review of Defendant Goodman's Motion to Vacate Sentence under 28 U.S.C. § 2255 (ECF No. 20). Rule 4(b) of the Rules Governing § 2255 Proceedings provides:

> The judge who receives the motion must promptly examine it. If it plainly appears from the motion, any attached exhibits, and the record of prior proceedings that the moving party is not entitled to relief, the judge must dismiss the motion and direct the clerk to notify the moving party. If the motion is not dismissed, the judge must order the United States to file an answer, motion, or other response within a fixed time, or take other action the judge may order.

1

All collateral attacks on criminal convictions filed at the Dayton location of court are referred to the undersigned by General Order Day 13-01.

**Procedural History**

The docket shows that the United States filed an Information on January 28, 2013, charging Goodman with one count of conspiring with others to possess with intent to distribute in excess of 500 grams of cocaine and a quantity of marijuana (ECF No. 2). The Information was filed pursuant to a waiver of indictment made by Goodman as part of a written Plea Agreement (ECF No. 4). Goodman agreed to plead guilty to the charge. *Id.* at PageID 6, ¶ 1. As contemplated in the Plea Agreement, Goodman pled guilty and was referred to the Probation Department for preparation of a Presentence Investigation Report ("PSR"). Having reviewed the PSR and resolved objections made by Goodman, Judge Rice adopted the PSR which concluded in ¶ 53 that Goodman qualified as a career offender under the Sentencing Guidelines. Applying those Guidelines, the PSR concluded the appropriate guideline range of imprisonment was 188 to 235 months and recommended a sentence of 192 months. *Id.* at Recommendation. Although he adopted the PSR, Judge Rice departed downward from the Guidelines and imposed a sentence of 84 months (Judgment, ECF No. 16). Goodman did not appeal but filed, through counsel, the instant § 2255 Motion.

# ANALYSIS

Goodman makes his § 2255 claim under *Johnson v.* United States, 576 U.S. ___, 135 S. Ct. 2551, 192 L. Ed. 2d 569 (2015), where the Supreme Court found the residual clause of the Armed Career Criminal Act ("ACCA"), 18 U.S.C. § 924(e)(1), to be unconstitutionally vague. *Johnson* announced a new substantive rule that has retroactive effect in cases on collateral review. *Welch v. United States*, 576 U.S. ___, 136 S. Ct. 1257 (2016); *In re: Windy Watkins*, 810 F.3d 375 (6th Cir. 2015). Goodman was not sentenced under the ACCA, but the residual clause of the career offender Sentencing Guideline is unconstitutional on the same basis as *Johnson*. *United States v. Pawlak*, ___ F.3d ___, 2016 U.S. App. LEXIS 8798 (6th Cir. May 13, 2016).

The relevant Sentencing Guideline is U.S.S.G. § 4B1.1(a) which provides that a defendant is a career offender if, *inter alia*, he or she has "at least two prior felony convictions of either a crime of violence or a controlled substances offense." Section 4B1.2 defines "crime of violence" as follows:

> (a)The term "crime of violence" means any offense under federal or state law, punishable by imprisonment for a term exceeding one year, that –
>
> (1) has as an element the use, attempted use, or threatened use of physical force against the person of another, or
>
> (2) is burglary of a dwelling, arson, or extortion, involves use of explosives, **or otherwise involves conduct that presents a serious potential risk of physical injury to another.**

It is the boldfaced portion of this definition – the so-called residual clause -- which is declared to be unconstitutionally vague in *Pawlak*.

The PSR recommended finding that Goodman had two prior violent felony convictions which qualified as predicate offenses: a 1993 conviction for burglary in Greene County Common Pleas Court Case No. 1993-CR-316 (PSR ¶ 65) and a 2001 attempted burglary in Hamilton County Common Pleas Case No. B0107653 (PSR ¶ 66).

Goodman now asserts that neither of these convictions qualifies as a predicate offense after *Johnson*. He claims that burglary does not have force as an element and is not one of the enumerated offenses in § 4B1.2(a)(2). Therefore, if it was counted under § 4B1.2 (a)(2), it must have been under the residual clause.

However, he points to nothing in the record that supports that claim. In classifying Goodman as a career offender, the PSR referred to Application Note 1 which classifies burglary of a dwelling as an enumerated crime of violence without reference to either the elements clause or the residual clause. Paragraph 65 further explains that the Indictment in the 1993 conviction expressly charged burglary of an occupied structure. The 2001 attempted burglary conviction was for repeated attempts, albeit unsuccessful, to force his way into an occupied structure (PSR ¶ 66). Again, there was no resort to the residual clause to classify this offense as a crime of violence.

In his Objections to the PSR, Goodman argued a conviction for attempting a crime of violence does not satisfy the Guideline. The Probation Officer noted, to the contrary, that Application Note 1 provides for including attempts.

4

In sum, the now-recognized-to-be unconstitutional residual clause was not used to qualify the predicate offenses relied on for career offender status.  Accordingly, the sentence is not unconstitutional under *Johnson* or *Pawlak*.

In the alternative, if the career offender enhancement were eliminated, Goodman would still not be entitled to relief.  As noted above, with the career offender enhancement, the appropriate guideline range of imprisonment was 188 to 235 months, a range Judge Rice adopted.  Goodman argues that "[w]ithout a career offender finding, Mr. Goodman's Guidelines range would have been 140 – 175 months' imprisonment (offense level 29 criminal history category V)(Motion, ECF No. 20, PageID 59).  The Magistrate Judge finds that is a correct recalculation (See also PSR ¶ 75).  Goodman continues, "[h]ad the court applied the same factors for the downward variance to the lower sentencing guidelines [' range], his final sentence would have been much lower than 84 months." *Id.*

Judge Rice departed 104 months from the bottom of the Guidelines range.  Goodman gives no indication of what factors informed Judge Rice's downward departure.  In his Statement of Reasons, the only reason given was that the government had filed a 5K1.1 motion for substantial assistance (ECF No. 17, PageID 51).  That Motion (ECF No. 14) is purely formal and gives no detail of the assistance provided or any recommendation as to the level of downward adjustment that should be made.  If Judge Rice made some statement at sentencing which indicated why he was departing downward, that statement has not been made part of the record because it has not been transcribed.  In sum, without the career offender enhancement, Goodman still faced a guideline range with a minimum of more than double the sentence he actually received.  It seems to the undersigned very unlikely that the career offender enhancement made any difference at all in the sentence actually imposed.

**Conclusion**

Based on the foregoing analysis, it is respectfully recommended that the § 2255 Motion be DISMISSED WITH PREJUDICE.  Because the application of *Johnson* in general and particularly to guideline rather than ACCA sentences is in rapid flux, Goodman should be granted a certificate of appealability if requested and permitted to appeal *in forma pauperis*.

July 1, 2016.

s/ *Michael R. Merz*<br>United States Magistrate Judge

**NOTICE REGARDING OBJECTIONS**

Pursuant to Fed. R. Civ. P. 72(b), any party may serve and file specific, written objections to the proposed findings and recommendations within fourteen days after being served with this Report and Recommendations. Pursuant to Fed. R. Civ. P. 6(d), this period is extended to seventeen days because this Report is being served by one of the methods of service listed in Fed. R. Civ. P. 5(b)(2)(C), (D), (E), or (F). Such objections shall specify the portions of the Report objected to and shall be accompanied by a memorandum of law in support of the objections. If the Report and Recommendations are based in whole or in part upon matters occurring of record at an oral hearing, the objecting party shall promptly arrange for the transcription of the record, or such portions of it as all parties may agree upon or the Magistrate Judge deems sufficient, unless the assigned District Judge otherwise directs. A party may respond to another party's objections within fourteen days after being served with a copy thereof.  Failure to make objections in accordance with this procedure may forfeit rights on appeal. *See United States v. Walters*, 638 F.2d 947, 949-50 (6th Cir. 1981); *Thomas v. Arn*, 474 U.S. 140, 153-55 (1985).